## HEWITT V. COLORADO SPRINGS CO.

Under the Code (Section 338) an appeal to this court on a judgment in the District Court, rendered on appeal from the County Court, is barred after ninety days from the rendition of the judgment. When the bar attaches it cannot be disturbed by subsequent legislation.

*Appeal from District Court of El Paso County.*

MOTION to dismiss appeal.

Mr. WILLIAM HARRISON, for appellee.

Mr. T. A. McMORRIS, *contra*.

ELBERT, C. J.    In the case of *Willoughby* v. *George*, decided at the present term, we held that the act of February 24, 1879, Sess. Laws 1879, Sec. 38, p. 229, in so far as it allowed a writ of error to a judgment, in respect to which an appeal was barred prior to the passage of the act, was "retrospective in its operation," and within the constitutional prohibition of such laws, and that the writ would not lie.

The motion to dismiss in this case is based upon that ruling. It is contended, however, by the plaintiff in error, that an appeal was taken in apt time, and that at the date of the passage of the act in question, the appeal was pending in this court; that, notwithstanding the subsequent voluntary dismissal of the appeal, the bar did not attach, and that the writ lies.

The judgment was rendered February 26, 1878. At the date of its rendition, and thereafter until the passage of the act of February 24, 1879, the only method of review was by appeal. *Willoughby* v. *George*, 4 Col. 22.

The action was commenced prior to October 1, 1877, the date the Code went into effect, but as this was a judgment of non-suit, and did not relate to a franchise or freehold, no appeal

would lie under the provisions of the Revised Statutes; otherwise, under the rule laid down in the case of *Conner* v. *Conner*, 4 Col. 75, the plaintiff in error could have taken his appeal under either the old or new system.

As it was, his only remedy at the date of the judgment was by an appeal under the provisions of the Code; and as the judgment of the district court was on appeal from the county court, his remedy in this respect was barred after the lapse of ninety days from the rendition of the judgment. Code, Sec. 338.

The plaintiff in error made no attempt to take and perfect an appeal under the provisions of the Code; on the other hand, as the record shows, he sought to take an appeal under the provisions of the Revised Statutes, under which, as we have before said, an appeal did not lie.

Whatever effect, therefore, a legally perfected appeal, pending at the date of the passage of the act, might have to take a case without the rule laid down in *Willoughby* v. *George*, first cited, the attempted appeal in this case can have no such result. The steps taken were without authority of law, and had no effect as an appeal. The bar attached at the expiration of the ninety days, and under the constitutional provision referred to, it cannot be disturbed by retrospective legislation.

The motion to dismiss is allowed.

*Dismissed.*